UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                 Case No. 16-cr-20419
                                                 Honorable Mark A. Goldsmith

FRANK WASHINGTON,

       Defendant.
_____/


**OPINION & ORDER
(1) GRANTING DEFENDANT'S MOTION TO RECONSIDER § 2255 EXTENSION
(Dkt. 47); AND (2) DENYING DEFENDANT'S MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255 (Dkt. 48)**

On March 15, 2017, the Honorable John O'Meara sentenced Defendant Frank Washington to 120 months' imprisonment, followed by thirty-six months' supervised release. Judgment (Dkt. 38). Washington filed a motion asking the Court to extend his time to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 39), which this Court denied for lack of jurisdiction. 4/23/2018 Order (Dkt. 44). Washington then filed the two motions currently pending before this Court: one asking the Court to reconsider its decision denying his request for an extension, and one requesting relief pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court grants Washington's request for an extension of time, but denies his § 2255 motion.

### I. BACKGROUND

Washington pleaded guilty to four counts of Hobbs Act robbery, 18 U.S.C. § 1951; and one count of use of a firearm during a crime of violence, 18 U.S.C. § 924(c). Rule 11 Plea Agreement (Dkt. 29). He was sentenced to 36 months on each of the Hobbs Act counts, to run concurrently, and 84 months on the § 924(c) count. Judgment at 2.

On December 14, 2017, Washington filed a motion for an extension of time to file a motion pursuant to 28 U.S.C. § 2255. His motion stated that he was placed in the Special Housing Unit in October 2017, where he had limited access to the law library. He therefore asked for an extension of the one-year deadline to file a § 2255 motion. The Court denied his request on April 23, 2018, as "a district court has no jurisdiction to grant an extension for a § 2255 motion that has not yet been filed." 4/23/2018 Order at 1.

Washington then filed his § 2555 motion, along with a request for the Court to reconsider an extension, on June 12, 2018. In his § 2255 motion, Washington argues that the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), requires this Court to set aside his § 924(c) conviction. Def. Mot. at 1.

## II. STANDARD OF REVIEW

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 175 F.3d 486, 488 (6th Cir. 1999).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### III. ANALYSIS

The Court will first address Washington's request for an extension of time to file his § 2255 motion, as this determines whether the Court is able to consider the § 2255 motion. The Court will then address the § 2255 motion on its merits.

**A. Extension of Time to File**

A federal defendant who seeks habeas relief pursuant to 28 U.S.C. § 2255 must file a motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a defendant does not appeal his conviction, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, when no notice was filed." Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004). Judgment was entered in Washington's case on March 15, 2017, see Judgment; because he did not appeal, the judgment became final fourteen days later, on March 29, 2017. Fed. R. App. P. 4(b)(1)(A). Accordingly, any motion to vacate must have been filed by March 29, 2018, in order to be considered timely.

Washington did not file his § 2255 motion until June 15, 2018. However, he argues that extraordinary circumstances warrant his late filing. Specifically, he says that he was assaulted and subsequently prevented from using the law library due to safety concerns. See Def. Aff. at 1 (Dkt. 47). He also says that he was transferred to a new facility and his property was not transferred with him. Id. at 2.

"[F]ederal courts may permit equitable tolling of the § 2255 statute of limitations." United States v. Asakevich, 810 F.3d 418, 420 (6th Cir. 2016). The Court looks to the following factors to determine whether equitable tolling is appropriate: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." Solomon v. United States, 467 F.3d 928, 933 (6th Cir. 2006). "These five factors are not

comprehensive, nor is each factor relevant in all cases." Id. The Sixth Circuit has cautioned that "equitable tolling should be granted sparingly." Id.

The Court finds that equitable tolling is warranted here, as Washington brought his difficulties in filing a timely § 2255 motion to the Court's attention well in advance of the expiration of the statutory deadline. Washington was diligent in pursuing his rights. See 4/30/2018 Request (Dkt. 46) (letter from Washington following up on his motion for an extension of time). Admittedly, Washington was aware of the one-year filing deadline, but he seemed to be waiting on a response from the Court before acting. See id. ("I haven't gotten a response from the Courts. It is now 6 weeks past the deadline and I wish not to be penalized for it."). Further, as the Court determines that Washington's motion may be denied on its merits, there is no prejudice to the Government in the Court's considering it. The Court also notes that the Government was on notice that Washington would likely seek to file a § 2255 motion due to his filings seeking an extension. Accordingly, the Court will address Washington's motion on the merits.

**B. § 2255 Motion**

In Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Supreme Court analyzed the definition of "aggravated felony" in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43). An "aggravated felony" includes a "crime of violence," as defined in section 16 of title 18, which covers:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. The Court in Dimaya held that Section 16(b), the residual clause, was unconstitutionally vague, as it "'requires a court to picture the kind of conduct that the crime involves in the ordinary case, and to judge whether that abstraction presents' some not-well-specified-yet-sufficiently-large degree of risk." 138 S. Ct. at 1216 (quoting Johnson v. United States, 135 S. Ct. 2551, 2556-2557 (2015)).

Washington argues that the language in the residual clause is similar to the language used in § 924(c), and, therefore, § 924(c) should also be found unconstitutionally vague. Section 924(c)(1) punishes those who use or carry a firearm "during and in relation to any crime of violence," which is defined as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

The Government argues that Dimaya did not purport to invalidate § 924(c)(3)(B), pointing out that nothing in the majority opinion discussed Section 924(c), or extended its holding to this statute. Gov't Resp. at 8 (Dkt. 52). The Government also notes that the Sixth Circuit has, in the past, distinguished Section 16(b) from Section 924(c). See Shuti v. Lynch, 828 F.3d 440, 449 (6th Cir. 2016) (distinguishing the residual clauses in the INA and ACCA from § 924(c)); see also United States v. Taylor, 814 F. 3d 340, 375 (6th Cir. 2016) ("Johnson does not require reversal of Taylor's conviction, because several factors distinguish the ACCA residual clause from § 924(c)(3)(B)."). Other circuits have opined on this question, but the Sixth Circuit has not examined the issue post-Dimaya. See United States v. Richardson, 906 F.3d 417, 425 (6th Cir. 2018) (noting

6

that the Fifth, Tenth, and D.C. Circuits have interpreted Dimaya to mean that § 924(c)'s residual clause is unconstitutionally vague, but "leav[ing] the continuing viability of Taylor to another day"); see also United States v. Jackson, 918 F.3d 467, 485 (6th Cir. 2019) (declining to consider the validity of the residual clause after Dimaya).

Ultimately, however, the Court need not decide whether the reasoning of Dimaya should apply to § 924(c)(3)(B). Even assuming that the residual clause of § 924(c) was invalid, Washington's Hobbs Act robbery would still be considered a crime of violence pursuant to § 924(c)(3)(A). Washington's argument that Hobbs Act robbery does not require the use of violent force, Def. Mot. at 5, is foreclosed by Sixth Circuit precedent. The Sixth Circuit has joined the Third, Seventh, Eighth, Ninth, and Eleventh Circuits "in ruling that Hobbs Act robbery constitutes a crime of violence" under § 924(c)(3)(A). United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017).

Accordingly, Washington is not entitled to relief under 28 U.S.C. § 2255.

## IV. CERTIFICATE OF APPEALABILITY

Because Washington's claims for relief lack merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Washington a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## V. CONCLUSION

For the reasons provided, the Court grants Defendant Frank Washington's motion to reconsider extension (Dkt. 47), denies Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 48), and denies a certificate of appealability.

SO ORDERED.

Dated: May 28, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2019.

s/Karri Sandusky  
Case Manager